Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7695 | **DATE** | November 15, 2001 |
| **CASE TITLE** | *Clara Varco and Kimberly Soria vs. Kristopher Lapsis* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court grants Varco's motion to remand [6-1]. The court remands this action to the Circuit Court of Cook County, Illinois, Law Division, for lack of subject matter jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| ✓ | Notified counsel by telephone. | | NOV 16 2001 date docketed | 9 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | CM docketing deputy initials | |
| ✓ | Copy to Judge Lefkow | | | |
| CW | courtroom deputy's initials | 01 NOV 15 PM 5: 26 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLARA VARCO and KIMBERLY SORIA, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> KRISTOPHER LAPSIS, ) <br> ) <br> Defendant. ) | Case No. 01 C 7695 <br><br> Judge James H. Alesia |

## MEMORANDUM OPINION AND ORDER

Before the court is plaintiff Clara Varco's ("Varco") motion to remand this action to the Circuit Court of Cook County, Law Division, for lack of subject matter jurisdiction. For the following reasons, the court grants Varco's motion to remand.

## I. BACKGROUND

Wal-Mart Stores, Inc. ("Wal-Mart") provides its employees benefits through The Wal-Mart Stores, Inc. Associates' Health and Welfare Plan (the "Plan"), a self-funded employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. The administrator of this Plan is the Administrative Committee of the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan. The Plan includes a provision stating that the Plan has a right to "recover or subrogate 100 percent of the benefits paid or to be paid by the Plan on your behalf and/or your dependants to the extent of ... [a]ny judgment, settlement or any payment made or to be made, relating to the accident, including but not limited to other insurance."

Varco was an employee of Wal-Mart and a participant in the Plan. On September 24, 2000, Varco and Kimberly Soria suffered injuries as a result of an automobile accident with Kristopher Lapsis ("Lapsis"). The Plan paid medical benefits on behalf of Varco in the amount of $34,034.55.

Varco filed a personal injury action against Lapsis in Illinois state court. In order to determine whether or not to accept a $20,000.00 settlement offer, Varco filed a motion to adjudicate liens in the state court. In her motion, Varco listed three providers, including "Blue Cross and Shield," who were claiming liens. On October 1, 2001, the Illinois state court judge entered an order determining the rights of some lienholders and continuing the matter as to Blue Cross/Blue Shield to October 12, 2001.

On October 4, 2001, the Wal-Mart Committee,[1] acting independently, removed the action to the federal district court under 28 U.S.C. §§ 1441(a), (b), and (c), maintaining that because the Plan was governed by ERISA, Varco's motion to adjudicate was completely preempted under § 502(a) of ERISA, 29 U.S.C. § 1132(a). Varco now moves to remand the action to the Circuit Court of Cook County, pursuant to 28 U.S.C. § 1447, asserting that this court does not have subject matter jurisdiction. The court agrees with Varco.

---

[1] In its notice of removal, movant refers to itself as "Defendant, Blue Cross Blue Shield of Illinois." However, in its response in opposition to plaintiff's motion to remand, it refers to itself as "Defendant, Administrative Committee of the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan" and claims it was misnamed as Blue Cross in the motion to adjudicate liens. The court will refer to movant as "the Wal-Mart Committee."

## II. DISCUSSION

*Speciale v. Seybold*, 147 F.3d 612 (7th Cir. 1998), a nearly identical scenario to the immediate case, is directly controlling. In that case, the Seventh Circuit stated, "[t]he determination of jurisdiction on removal involving an ERISA issue is based upon the well-pleaded complaint rule, the ERISA 'complete preemption' exception to that rule and the defense of 'conflict preemption' under ERISA." *Speciale*, 147 F.3d at 614 (citations omitted). Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction over cases concerning a "federal question," that is, cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

In determining federal jurisdiction, the court generally first reviews the plaintiff's complaint, because "[i]t is a long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Speciale*, 147 F.3d at 614 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). The issues raised in the plaintiff's complaint, not those added in the defendant's response, control the litigation. *Id.* (citing *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1482 (7th Cir. 1996)). The Supreme Court has emphasized that "[t]he paramount policies embodied in the well-pleaded complaint rule [are] that the plaintiff is master of the complaint ... and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987). This prevents the defendant from

controlling the litigation and obtaining a transfer to federal court by federal preemption when the defendant raises a federal question in the responsive pleadings. *Speciale*, 147 F.3d at 614-15.

As the Seventh Circuit pointed out in *Speciale*, the Supreme Court created an exception to the well-pleaded complaint rule where Congress has completely preempted a given area of state law. *Speciale*, 147 F.3d at 615 (citing *Avco Corp. v. Aero Lodge No. 735, etc.*, 390 U.S. 557 (1968)). Complete preemption permits "recharacterization" of a plaintiff's state law claim as a federal claim so that removal is proper. *Id.* Whether or not a cause of action has been completely preempted is determined by the intent of Congress. *Id.* The Supreme Court has explicitly expanded the "complete preemption" exception to include all state actions falling within the scope of § 502(a) of ERISA.[2] *Id.* (citing *Taylor*, 481 U.S. at 67).

However, as the Seventh Circuit pointed out, there is a second federal "preemption" doctrine. *Speciale*, 147 F.3d at 615.

> This doctrine serves as a defense to a state law action but does *not* confer federal question jurisdiction. This doctrine is known as "conflict preemption." Conflict preemption is based upon § 514(a)[3] of ERISA. "Complete preemption" under § 502(a) encompasses all claims by a participant or beneficiary to *enforce his rights* under an ERISA plan whereas "conflict preemption" under § 514(a) preempts any

---

[2]Section 502(a) of ERISA provides:
A civil action may be brought –
(1) by a participant or beneficiary –
    (A) for the relief provided for in subsection (c) of this section, or
    (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan ...

[3]Section 514(a) of ERISA provides:
Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

4

state law that may *"relate to"* an ERISA plan, but is not a basis for federal jurisdiction.

*Speciale* 147 F.3d at 615 (emphasis added).

As it argued in *Speciale*, the Wal-Mart Committee argues again that the complete preemption under § 502(a) has occurred. However, following the Seventh Circuit's rationale in *Speciale* as explained below, the court finds this is not a case of complete preemption under § 502(a) but is rather merely conflict preemption under § 514(a). Therefore, there is no basis for federal jurisdiction here.

In *Speciale*, the plaintiff was an employee of Wal-Mart and a participant in Wal-Mart Stores, Inc. Associates Health and Welfare Plan. As a result of an automobile accident, she sustained injuries, and the Plan paid $54,051.07 toward the costs of her medical care. The plaintiff filed a personal injury action against the driver of the other car in Illinois state court and accepted $45,000 in settlement. The plaintiff then filed a motion to adjudicate liens in state court, listing sixteen providers, including Wal-Mart, who were asserting claims against the settlement fund.[4] Wal-Mart, acting independently, removed the action to the federal district court under 28 U.S.C. § 1441(b), maintaining that because the Plan arose under and was governed by ERISA, the plaintiff's motion to adjudicate was completely preempted. The district court concluded that the claim was preempted under § 502(a) of ERISA, 29 U.S.C. § 1132(a),

---

[4]The plaintiff in *Speciale* filed her motion to adjudicate liens in state court after she settled her case. Here, Varco filed her motion to adjudicate liens in state court while still considering a settlement offer. However, this distinction in timing is irrelevant to the outcome of this case. As in *Speciale*, there is no evidence or allegation that the Wal-Mart Committee's subrogation right has been questioned. *See Speciale*, 147 F.3d at 617. All that remains here is a determination on the apportionment of the funds under state law. *See id.*

and entered judgment in favor of Wal-Mart. On appeal, the plaintiff argued that the district court did not have federal jurisdiction because the motion to adjudicate fell under her well-pleaded complaint which alleged a state law claim of personal injury, neither of which presented a federal question nor permitted complete preemption under ERISA. The Seventh Circuit agreed with the plaintiff and reversed and remanded the case to the district court with directions to remand the case to state court for lack of federal subject matter jurisdiction. *Id.* at 617.

In its decision, the Seventh Circuit held that there was no federal subject matter jurisdiction because the plaintiff's request for apportionment could not be recharacterized as a suit to enforce her rights under the terms of the Plan, and therefore it was not completely preempted under § 502(a). *Id.* at 616. The court explicitly held that "in a state cause of action where there are adversarial claims to a settlement fund between an ERISA plan subrogation claim and other statutory medical liens, there is no preemption under § 502(a) and the allocation of the funds is a matter for the state court under which original jurisdiction arose." *Id.* In so finding, the court reasoned that although the plaintiff was entitled to bring a claim under the Wal-Mart plan, "her claim of personal injury was not a cause of action that falls within the scope of an ERISA provision nor did her state law claim require resolution of an interpretation of the contract governed by federal law." *Id.* at 615.

In its reasoning, the court in *Speciale* discussed *Blackburn v. Sundstrand Corp.*, 115 F.3d 493 (7th Cir. 1997), another nearly identical scenario to the immediate case.[5] As discussed in

---

[5]The Wal-Mart Committee attempts to distinguish *Blackburn* and *Speciale* by arguing that these two cases involved removal under § 1441(b), not §1441(c). Section 1441(c) of Title 28 permits removal "[w]henever a separate and independent claim or cause of action, which would
(continued...)

6

*Speciale*, in *Blackburn*, two beneficiaries of an ERISA plan were injured in an automobile accident. *Speciale*, 147 F.3d at 616 (citing *Blackburn*, 115 F.3d at 494). They filed suit in an Illinois court against the driver of the other car and accepted a settlement. *Id.* Two parties had claims against the settlement fund, the Blackburns' attorney and their ERISA welfare benefit plan. *Id.* The Blackburns filed a petition in state court to apportion the fund. *Id.* The fund administrator removed the case to federal court under 28 U.S.C. § 1441(b). *Id.* The Seventh Circuit "stated most emphatically that removal under ERISA preemption was improper based upon the well-pleaded complaint rule and the determination that 'not even the most expansive reading of ERISA covers motor vehicle collisions, just because part of the recovery may inure to the benefit of a plan." *Speciale*, 147 F.3d at 616 (quoting *Blackburn*, 115 F.3d at 494).

Here, as in *Speciale* and *Blackburn*, the element of § 1331 "federal question" jurisdiction arose for the first time in non-defendant Wal-Mart Committee's notice of removal. *Speciale*, 147 F.3d at 616. As in both those cases, the Wal-Mart Committee removed the motion to adjudicate under 28 U.S.C. § 1441(b), which allows removal from state court to federal court for "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising

---

[5](...continued)
be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action[.]" The Seventh Circuit has stated that "claims are not 'separate and independent' if the wrongs arise from an interlocked series of transactions, i.e., they substantially derive from the same facts," even if more than one wrong is involved. *Lewis v. Louisville & Nashville R.R. Co.*, 758 F.2d 219, 221 (7th Cir. 1985). Here, the court finds that Varco's motion to adjudicate liens is not sufficiently "separate and independent" from the original claim as required for removal under Section 1441(c). Therefore, removal under § 1441(c) is improper in this case, and the Wal-Mart Committee cannot distinguish *Blackburn* and *Speciale* on this basis. In addition, removal under diversity jurisdiction and § 1441(a) would have been impossible here because the amount in controversy is far below the $75,000 required for diversity jurisdiction. *See Speciale*, 147 F.3d at 616 n.5.

7

under the Constitution, treaties, or laws of the United States."[6] As the Seventh Circuit stated in both *Speciale* and *Blackburn*, a tort suit based on a personal injury claim arising from an automobile accident does not arise under the Constitution, treaties, or laws of the United States. *Speciale*, 147 F.3d at 616 (citing *Blackburn*, 115 F.3d at 494). Therefore, here, as in *Speciale* and *Blackburn*, "the petition to apportion the fund invoked the ancillary jurisdiction of the state court and was part of that original, non-removable action." *See id.* Therefore, Varco's motion to adjudicate does not present a federal question under 28 U.S.C. § 1331, and her case was improperly removed to federal court under 28 U.S.C. § 1441(b).

Further, *Administrative Committee v. Gauf*, 188 F.3d 767 (7th Cir. 1999), does not alter this conclusion. In *Gauf*, the defendant, Patricia Gauf, was injured in an automobile accident.

---

[6]As the Seventh Circuit noted in *Speciale*, although the issue of the Wal-Mart Committee's removal under §1441(b) was not raised by Varco, it is necessary to clarify the fact that the Wal-Mart Committee's removal was procedurally defective. *See Speciale*, 147 F.3d at 616 n.4. A prerequisite to removal under § 1441(b) is § 1441(a), which allows for removal to a district court, "by the defendant or the defendants...." 28 U.S.C. § 1441(a). Unless all defendants consent to removal, or the petition explains why the other defendants have not consented, the removal is considered defective. *Speciale*, 147 F.3d at 616 n.4. Here, the Wal-Mart Committee argues that Varco's motion to adjudicate liens could have been brought as a separate action, and therefore this claim was removable as a separate and independent claim under 28 U.S.C. § 1441(c), which does not require all defendants to join in the notice of removal. *Id.* However, as explained earlier, removal of this case under § 1441(c) is improper because Varco's motion to adjudicate liens is not sufficiently "separate and independent" from the original claim as required for removal under Section 1441(c). Therefore, § 1441(c) is inapplicable and the Wal-Mart Committee needed the consent of all defendants to remove this case. As the Seventh Circuit articulated in *Speciale*,
> Wal-mart, although not a 'defendant' per se, but if viewed as a type of 'intervening defendant,' failed to comply with procedural requirements. Wal-Mart was one of [several] lienholders named in the plaintiff's motion to adjudicate. However, Wal-Mart filed the removal notice independently, without the consent or cooperation of the remaining ... lienholders. Removal, therefore, was not procedurally appropriate.

*Speciale*, 147 F.3d at 616 n.4.

8

*Gauf*, 188 F.3d at 768. As an employee of Wal-Mart, she was covered under Wal-Mart's Associates' Health and Welfare Plan. The Plan reimbursed Gauf for her medical treatment on the condition that Gauf reimburse the plan to the extent of any judgment or settlement received relating to the accident. In a separate tort action against the driver of the other automobile involved in the accident, Gauf received a verdict in her favor and collected $36,000. Subsequently, the plaintiff, the Administrative Committee of the Associates' Health and Welfare Plan, filed a separate lawsuit in federal court, seeking an order compelling Gauf to reimburse the Plan for the benefits it had paid to her relating to the accident. The plaintiff based its claim on the ERISA governed plan. *Id.* The court in *Gauf* found that there was federal jurisdiction over the plaintiff's action because the complaint stated a claim under ERISA's civil enforcement provision, § 502(a)(3). *Id.* at 771. In so finding, *Gauf* distinguished its decision from *Speciale* and *Blackburn*. Specifically, the court stated,

> *Blackburn* and *Speciale* do not govern the case that we have before us today. As we already noted, unlike the situations in those cases, the complaint here states a claim under ERISA § 502(a)(3), and is therefore within our jurisdiction. In *Blackburn* and *Speciale*, there were no such federal claims under ERISA § 502(a)(3) or otherwise; the claims removed were state claims (a tort action and a motion to adjudicate liens).

*Id.* at 771. Here, unlike *Gauf*, and like *Blackburn* and *Speciale*, the Wal-Mart Committee invokes § 502(a)(3) of ERISA as a defense to plaintiff's motion. Therefore, federal jurisdiction does not govern that defense.[7]

---

[7]In its response in opposition to Varco's motion to remand, the Wal-Mart Committee notes that, "[o]ut of an abundance of caution," it has filed an independent action in federal court against Varco under ERISA to enforce the terms of the Plan. (Resp. at 2 n.2) In contrast to the current case, there may be federal jurisdiction over the Wal-Mart Committee's independent
(continued...)

In sum, this case was improperly removed to federal court, and the court grants Varco's motion to remand this case to the Circuit Court of Cook County.[8]

## CONCLUSION

For the foregoing reasons, the court grants Varco's motion to remand this case to the Circuit Court of Cook County, Law Division.

Date: **NOV 15 2001**

James H. Alesia
United States District Judge

---

[7](...continued)
action if the complaint states a claim under ERISA's civil enforcement provision, § 502(a)(3). *See Gauf*, 188 F.3d at 771.

[8]In its response in opposition to Varco's motion to remand, the Wal-Mart Committee cites as support this court's own case, *Hartenblower v. Carline Dent, Elec. Specialities Co. Health Benefit Plan*, 963 F. Supp. 712 (N.D. Ill. 1997). In *Hartenblower*, which was decided before the Seventh Circuit decisions *Blackburn* and *Speciale*, this court ruled that a motion to adjudicate liens fell within the scope of ERISA § 502(a) and was therefore preempted by ERISA and belonged in federal court. However, as the Wal-Mart Committee surely realizes, in *Hartenblower*, this court relied upon the district court cases, *Speciale v. Seybold*, 951 F. Supp. 740 (N.D. Ill. 1996), *Musinski v. Staudacher*, 928 F. Supp. 739 (N.D. Ill. 1996), and *Fravel v. Stankus*, 936 F. Supp. 474 (N.D. Ill. 1996). The Seventh Circuit reversed the *Speciale* district court case on precisely the point at issue here. Further, in reversing the district court decision in *Speciale*, the Seventh Circuit noted that *Muskinski* and *Fravel* were implicitly superceded by its later decision in *Blackburn*. *See Speciale*, 147 F.3d at 617 (noting that *Muskinski* and *Fravel* were decided without the benefit of the *Blackburn* decision). The court expresses its disappointment with counsel for citing to *Hartenblower* as current law and reminds the attorneys of their obligations under Local Rule 83.53.3 to avoid making material misstatements of fact or law to the court.

10